762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES B. CLARK, PLAINTIFF-APPELLANT,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-3268
 United States Court of Appeals, Sixth Circuit.
 4/18/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: KEITH and MARTIN, Circuit Judges; and DIGGS TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 This is a social security disability case. James Clark's claim of disability was rejected by the administrative law judge and the district court, and we affirm.
 
 
 2
 James Clark quit his work as a construction foreman in October 1980 because he could not drive and had no way to reach the new job site. He searched for a job for the next four months but was unable to find one because of transportation difficulties. He filed this application for disability benefits on February 1, 1982, alleging disability since December 1981.
 
 
 3
 The administrative law judge found that Clark suffers from essential hypertension, idiopathic conduction system heart disease, degenerative arthritis in the lumbar spine, and S1 radiculopathy. He rejected Clark's assertions of dizziness, numbness, and pain as not credible and not supported by substantial medical evidence. He concluded that Clark's impairments are not severe and do not significantly limit his ability to perform basic work-related physical functions. He further concluded that Clark retains the residual functional capacity to perform his former work as a construction supervisor. He therefore denied benefits, and the district court affirmed.
 
 
 4
 The claimant argues that the administrative law judge erred by rejecting the qualified opinions of Clark's treating physician and by concluding Clark had no severe exertional impairments. Clark's treating osteopath declared him totally disabled, but the administrative law judge rejected that declaration as not supported by specific and complete clinical findings and not consistent with the other evidence of record. That finding is supported by substantial evidence, and we will not disturb it here. The claimant is correct to the extent that the finding of no severe exertional impairments is not supported by substantial evidence: the Secretary's own position, prior to the hearing, was that Clark is restricted to medium work, due to his heart disease.
 
 
 5
 The claimant also argues that he cannot perform his past relevant work and should be found disabled by application of themedical-vocational guidelines. The administrative law judge's finding that Clark could perform his past relevant work as a construction foreman is supported by substantial evidence. In any case, because Clark is only restricted to medium work, application of the guidelines would not result in a finding of disability. 20 C.F.R. pt. 404, subpt. P, app. 2, rule 203.11.
 
 
 6
 The denial of benefits is affirmed.
 
 
 
 *
 Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation